DA 10-0625

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 186N

IN THE MATTER OF THE ESTATE OF
DARLENE J. WILCOCK, deceased,

ERNEST WILCOCK,

      Petitioner and Appellant,

  v.

BRANDI WILCOCK and HOLLY BLOUCH f/k/a
HOLLY WILCOCK and RANDY JONES,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DP-04-008(A)
and DV-08-26
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ernest Wilcock (Self-Represented), Shelby, Montana

      For Appellee Estate of Darlene J. Wilcock:

          Shelly F. Brander, Kaufman, Vidal, Hileman, P.C., Kalispell, Montana

      For Appellees Brandi Wilcock and Holly Blough:

          Paul D. Sullivan, Measure Law Office, P.C., Kalispell, Montana

      For Appellee Randy Jones:

          Matthew B. Thiel, Saul H. Seyler, Thiel Law Office, PLLC,
Missoula, Montana

Submitted on Briefs:  July 13, 2011

Decided:  August 2, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This matter arises out of the handling of the estate of Darlene J. Wilcock (Estate), daughter of Appellant Ernest Wilcock (Ernest). Darlene was murdered on April 17, 2003, and no one has been criminally charged in connection with her death. Darlene was survived by her sisters Holly Blouch (Holly) and Brandi Wilcock (Brandi), her mother Marla Friske (Marla), and her father, Ernest. She was, at some point, romantically involved with Randy Jones (Randy). Darlene died intestate and Marla was named the personal representative of the Estate. The only significant assets Darlene possessed at the time of her death were two insurance policies, each worth $250,000. The primary beneficiary of these policies was Randy. Holly was the alternate beneficiary of the State Farm Life Insurance Company policy and Brandi was the alternate beneficiary of the Farmers New World Life Insurance Company policy. Ernest was not a named beneficiary of either life insurance policy.

¶3 After Darlene's death, Holly and Brandi brought numerous actions against Randy seeking a share of the insurance proceeds, which we related in detail in *In re the Estate of Darlene J. Wilcock*, 2007 MT 313N, (*Estate of Wilcock I*). Marla, as personal

3

representative of the Estate, also brought a wrongful death and survivorship claim against Randy. Ernest was not a party to any of these actions; however, as an interested party, he was provided notice of the court proceedings. After years of litigation, Holly, Brandi, the Estate, and Randy reached a global settlement agreement dividing the policies' proceeds that was approved by the Eleventh Judicial District Court, Flathead County, order dated October 26, 2010, entitled *Order Approving Petition for Approval of Compromise and Release of Funds Held by the Court* (Order). It is this Order Ernest challenges.

¶4 At the outset, Ernest argues he was prejudiced by his late receipt of the Order; however this argument is moot because we granted Ernest's request to file the out-of-time appeal that is currently before us. Therefore, Ernest's only substantive challenge to the Order is that as an interested party and heir to the Estate, he was entitled to receive some portion of proceeds from the two life insurance policies because they should have been deemed part of the proceeds of the Estate.

¶5 We review a district court's conclusions of law for correctness. *Hart v. Hart,* 2011 MT 102, ¶ 10, 360 Mont. 308, ___ P.3d ___. As a matter of law, Ernest has no legal interest in the life insurance proceeds because it is undisputed that he is not a named beneficiary of either policy, and life insurance policies are non-probate assets. *See Estate of Wilcock I*; § 72-6-111(1), MCA, and the official comments to § 72-6-111, MCA. Therefore, we conclude that the District Court did not err in issuing the Order approving the settlement and distribution agreement that did not apportion any of the life insurance policies' proceeds to Ernest.

¶6    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶7    Affirmed.


/S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ JIM RICE